**Boyd UZZELL, Appellant,**

v.

**Pierce A. HOGGETT, Appellee.**

**No. 14682.**

Court of Civil Appeals of Texas.

San Antonio.

June 12, 1968.

Rehearing Denied July 10, 1968.

L. W. Pollard, Kerrville, for appellant.

C. H. Gilmer, Rocksprings, Coke R. Stevenson, Pierce Stevenson, Junction, for appellee.

BARROW, Chief Justice.

Appellee, lessor, brought this suit to cancel a written hunting lease entered into with appellant, lessee. Appellant by cross-action sought a declaration that said lease was a valid and subsisting contract and prayed that appellee be enjoined from interfering with the hunting rights granted by said contract. Judgment was entered after a nonjury trial denying cancellation of the lease, upholding the lease as a profit a prendre, but restricting the use of said hunting rights to appellant alone unless he should subsequently assign same. Appellant has appealed from this judgment and urges that there is no pleading or evidence to support such a restriction, and that said written contract clearly anticipated that other hunters were to hunt on said lease. Appellee has not complained of the judgment denying cancellation of said lease.

In 1960, appellee leased the Jackson Ranch, consisting of nearly 16,000 acres in Kerr and Edwards Counties, from Mr. Rend Jackson with specific authority to execute hunting leases on same. For many years prior thereto, appellant and several other men had leased for hunting purposes the Paint Creek Pasture, consisting of 2,617 acres in said ranch, from Mr. Jackson, and Mr. Jackson advised appellee that he had promised them this lease until the 1962 season. In July, 1962, appellee wrote appellant advising that he now controlled the hunting on this property and wanted $125.00 per gun for this lease. Pursuant to said letter, negotiations were had leading to the execution of the contract in question. This written contract was signed on November 17, 1962, whereby appellee leased said Paint Creek Pasture to appellant for hunting purposes for the 1962 hunting season and each succeeding year, as long as appellee had such leasing rights, for $1,250.00 per year. Previously, the sum of $1,000.00 had been paid. The parties operated under this 1962 contract until this suit was filed by appellee just prior to the 1967 hunting season. It was stipulated that the consideration owed for this season was timely tendered by appellant and was in the registry of the court pending determination of this suit.

The trial court correctly concluded that the written hunting lease involved herein is a profit a prendre. Bland Lake Fishing & Hunting Club v. Fisher, 311 S.W.2d 710 (Tex.Civ.App.—Beaumont 1958, no writ); Anderson v. Gipson, 144 S.W.2d 948 (Tex.Civ.App.—Galveston 1940, no writ). The trial court erred, however, in holding that as a matter of law the written contract granted hunting rights only to appellant.

There is no contention by either party that this was the intention of the parties and the express terms of the contract recognize that hunters other than appellant would use said premises. The contract provides in part: "It is expressly agreed between the parties that a list of the names of the hunters will be furnished Lessor. Lessee will report all kills to Lessor or his duly authorized representative." Appellee knew at the time he executed this lease that several other hunters were on the hunting lease with appellant. In fact, one was present at the time this lease was signed. There was testimony that ten hunters were on this lease during the previous seasons. Appellee's petition recognizes, without complaint thereof, that the appellant had invitees on the property during the term of this lease, in that it was alleged that appellant or his invitees had done several vexatious and wrongful acts which required a cancellation of the lease.

In Anderson v. Gipson, supra, and in Bland Lake Fishing & Hunting Club v. Fisher, supra, it was held that the lessee under a hunting lease may assign his rights to another, but may not give a permit or pass to another to exercise hunting privileges with him on the leased premises. In *Bland Lake Fishing & Hunting Club* it was shown without controversy that it was understood by the parties to the lease at the time of its execution that there were twenty shares in the Club and that these twenty members or their assigns would be beneficiaries of the privilege. Likewise, in *Anderson* there was no showing that anyone other than the lessee was considered a beneficiary of the privilege at the time of execution of the lease.

■ Here the written lease expressly recognizes that parties other than appellant would be beneficiaries of the hunting privilege. The lease is ambiguous as to the number and identity of the persons who are to hunt on this property. Although only appellant signed the lease as lessee, the above-quoted provision clearly recognizes that other hunters will use the lease with appellant. A well-recognized rule of construction is that where there is doubt as to the meaning of a contract, the courts give great, if not controlling weight, to the interpretation placed upon it by the parties themselves. Lone Star Gas Co. v. X-Ray Gas Co., 139 Tex. 546, 164 S.W.2d 504 (1942); Anchor Casualty Co. v. Robertson Transport Co., 389 S.W.2d 135 (Tex.Civ.App.— Corpus Christi 1965, writ ref'd n. r. e.); Col-Tex Refining Co. v. Coffield & Guthrie, Inc., 264 S.W.2d 462 (Tex.Civ.App.— Eastland 1954, writ ref'd).

■ Here there is no evidence to justify a conclusion that either party considered only appellant as having hunting rights under this contract. In fact, one of the complaints of appellee was that appellant had failed to furnish him a list of the hunters for the 1966 hunting season as he was required to do under the contract. These hunters are not identified in the record by name or as to the number thereof, probably because neither appellee nor appellant urged such a restriction on the rights granted under the contract in question.

The judgment of the trial court is reformed to delete the provision restricting the use of the premises to appellant, Uzzell. In other respects, the judgment is affirmed. The costs of this appeal are taxed against appellee.

### On Motion for Rehearing.

■ By motion for rehearing, appellee recognizes that neither he nor appellant sought a construction of the hunting lease. Since there were no pleadings urging same, we would not be justified in remanding this cause to the trial court for determination of that issue. The judgment as reformed denies appellee his prayer for cancellation of the written agreement and declares same to be a valid and subsisting agreement binding both parties according to its terms and legal effect. The judgment accordingly disposed of all relief sought by either party.

The motion for rehearing is overruled.